# COUNTY OF ESSEX,

##### AT THE

## AUGUST TERM, 1876.

PRESENT :

Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD,  } Assistant Judges.
Hon. JONATHAN ROSS,
Hon. H. HENRY POWERS,

---

## CHASE *v.* BAILEY & CO.

### *Composition with Creditors.*

In assumpsit for money paid, &c., defendants, who were insolvent, and who had been trying to compound with their creditors, and whose property had been under attachment at the suit of B., introduced in evidence in bar of plaintiff's claim, a written instrument signed by plaintiff, and other but not all of defendants' creditors, by B., and by defendants themselves, whereby it was agreed that "the creditors of" the defendants should "accept their *pro rata* parts of the sum of twelve hundred dollars in full satisfaction of their respective claims," that their several dividends should be ascertained by ascertaining defendants' entire unsecured indebtedness, and dividing said sum *pro rata* upon such indebtedness—paying to each creditor such a part of such sum as his debt was of such entire indebtedness, and that defendants and B. should pay to each creditor his part of said sum, upon demand, after execution of said instrument, and after proof of, or agreement upon, the sum due. *Held,* that as the instrument was not executed by all the parties thereto, it was not, under its provisions, binding upon the plaintiff.

ASSUMPSIT. The referee reported that plaintiff should recover, if anything, the sum of $95.41, but that the defendants contended

that he should recover nothing, for that he, with other of defend-
ants' creditors, had entered into an agreement to accept his *pro-
rata* share of $1,200 in discharge of his entire claim ; that, the
defendants being insolvent, and nearly all their attachable prop-
erty under attachment upon a debt due to Luke Buzzell, and other
creditors having threatened to institute proceedings in bankruptcy
unless an equitable division of the property of the defendants
should be made, the agreement relied on by defendants was, on
the 10th of February, 1875, drawn up and signed by several of
defendants' creditors, the plaintiff among others, but not by all,
several of the creditors and the defendants themselves not signing
until after this suit was tried before the justice, and several of the
larger creditors never signing at all ; that by said agreement,
which was between the defendants, " the creditors of " the de-
fendants, and said Buzzell, it was agreed that the creditors should
" accept their *pro rata* parts of the sum of twelve hundred dol-
lars in full satisfaction and payment of their respective claims "
against the defendants, that their dividends should be ascertained
by ascertaining the entire outstanding unsecured indebtedness of
the defendants and dividing the said sum of twelve hundred dol-
lars " *pro rata* upon such total indebtedness, paying to each cred-
itor such a part of that sum as his debt was of the total indebted-
ness " of the defendants, and that the defendants and said Buz-
zell should pay to each creditor his part of said sum so to be
ascertained, upon demand, " after execution by each of the in-
strument by him to be subscribed and sealed," and after proof of
claim, or agreement upon the sum due by the creditor and the
defendants ; that the defendants offered parol evidence to show
that an agreement was first drawn that was by its express terms
to be binding on no creditor if not signed by all, but that as some
of the creditors would not sign it, though the plaintiff did, it was
afterwards verbally agreed by a majority of the creditors that
they would accept their *pro rata* shares whether all the creditors
came into the arrangement or not, and the contract relied upon was
drawn ; that no evidence was offered to show that plaintiff was
privy to such verbal arrangement, and that the only reasons that
induced him to sign the contract relied upon, were the terms of

the contract itself.   The referee excluded the evidence so offered, for that the contract could not be varied by proof of facts inconsistent with its terms, and ruled that the contract was conditional, and not binding on the plaintiff unless executed by all, or substantially all, the creditors of the defendants, and was therefore no bar to the plaintiff's right to recover.

The court at the March Term, 1876, Barrett, J., presiding, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*Henry C. Bates*, for the defendant.

By the terms of the contract each creditor became bound to receive his *pro rata* share of the $1,200 as soon as he signed the contract, and Buzzell and defendants became bound to pay it upon proof of the debt and the making of the necessary computations. The effect is the same as though a separate contract had been drawn for each creditor to sign.

*Wm. W. Eaton*, for the plaintiff.

Under the finding of the referee the question as to the admissibility of the parol evidence offered by the defendants, is not involved.

The contract is not susceptible of bearing the construction attempted to be put upon it by the defendants, because, some of the creditors refusing to sign it, it was impossible to compute the *pro rata* dividend.

The opinion of the court was delivered by

Ross, J.   The only question arising on the report of the referee is, whether the contract of February 10, 1875, was binding upon the plaintiff as soon as executed by him, or was to become binding when executed by substantially all the creditors of the defendants, and by the defendants and Buzzell.   We think the provisions of the contract are such as require that it should be executed by all the parties to it, namely, substantially all the unsecured creditors of the defendants, the defendants and Luke Buzzell, before it bound any of them.   The creditors are mentioned as if all were

to become parties; the sum to be divided is to be divided *pro rata*. To ascertain the *pro rata* share of each creditor he must become a party to the contract, and the amount of his debt must be determined in the manner pointed out by the contract. The agreement by the defendants and Buzzell is, to pay the *pro-rata* share of the twelve hundred dollars to each of said creditors " after the execution by each of this instrument by him to be subscribed and sealed, and after their proof of the respective debts, or an agreement upon the sum by said creditor and said Bailey & Co." From this clause of the contract, which is consistent with all its provisions, it is apparent that the defendants and Buzzell were not holden to pay the *pro rata* share to each creditor until substantially all had executed the contract and the amount of their respective debts been ascertained. One of the principal considerations moving all the parties to a composition deed to enter into the same usually is, to secure the debtors, upon a surrender by them and division of their property equitably among the creditors, from future harassment by the creditors or any portion of them, and to leave the debtors free to form new business relations and enter upon new business enterprises. Such deeds are not designed to tie the hands of a few creditors to receive a percentage of their claims, and leave the other creditors at liberty to strip the debtors of all their property and lie in wait for their future earnings. The deed in question is so drawn as to clearly evince that substantially all the creditors are to execute it before any of them are bound by its terms.

Judgment affirmed.